IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Tyrone Bennett, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina, Dorchester ) <br> County, Judge John Doe, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:25-cv-663-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Kevin Tyrone Bennett's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., and on February 13 and March 12, 2025, the Magistrate Judge informed Plaintiff that his case was not in proper form. (ECF Nos. 6, 8.) Plaintiff filed a motion for the appointment of counsel in response to the Magistrate Judge's second order, but Plaintiff did not provide the proper form documents as ordered. (ECF No. 10.)

Thus, on March 27, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action for a number of reasons. First, the Magistrate Judge found that this action was subject to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to comply with orders of the Court. (ECF No. 14 at 4-5.) Second, the Magistrate Judge found that some of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at -6.) Third, the Magistrate Judge found that Plaintiff's complaint

is subject to dismissal for failure to state a claim. (*Id.* at 6.) Fourth, the Magistrate Judge noted that neither the state of South Carolina nor Dorchester County is considered a "person" for purposes of § 1983. (*Id.* at 7.) As to the Defendant Judge John Doe, the Magistrate Judge explained that he is subject to judicial immunity. (*Id.* at 7.) Lastly, the Magistrate Judge concluded that, even had Plaintiff named a party amenable to suit (and aside from *Heck*), his complaint would be subject to dismissal because he has not stated a double jeopardy claim. (*Id.* at 8-9.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed, although Plaintiff filed a motion for an extension of time to bring his case into proper form and a motion for the appointment of counsel. (ECF Nos. 16, 18.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because Plaintiff does not make any specific objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Furthermore, the Court finds that Plaintiff has been given ample time to bring his case into proper form; and even if he had done so, his claims would remain subject to dismissal for the additional reasons set forth by the Magistrate Judge. Additionally, the Court finds no circumstances that warrant the appointment of counsel in this action.

Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 14); the Court denies both Plaintiff's motion for extension (ECF No. 16) and his motion for the appointment of counsel (ECF No. 18); and the Court **dismisses this action with prejudice (other than the claims barred by *Heck*), without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 2, 2025
Charleston, South Carolina